UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | 1:06-CR-21 |
| | ) | |
| CURTIS MCBRIDE | ) | |
| | ) | |

## OPINION AND ORDER

Defendant, Curtis McBride, a federal prisoner, has filed a Motion for Suspension of Sentence/Run Concurrent [DE 59] seeking relief pursuant to 18 U.S.C. §3553(a). The thrust of McBride's motion is that he is seeking to have his federal sentence run concurrent with the state sentence he is presently serving. The Government responded in opposition to the motion to which the Defendant replied. For the following reasons, the Motion will be DENIED.

## FACTUAL BACKGROUND

McBride was arrested on his federal criminal charges on February 2, 2007. [DE 2]. He pled guilty to his offense, possession with intent to distribute controlled substances, pursuant to a written Plea Agreement. [DE's 16-21]. On June 18, 2007, the Court sentenced McBride to 92 months imprisonment, 4 years supervised release and $100 special assessment. [DE 24]. McBride's federal sentence was eventually reduced by a Sentencing Guideline Amendment to 77 months and then further to 63 months. [DE 45, 56]. However, prior to his arrest on the federal charges, McBride had been sentenced on February 1, 2007, in Elkhart County Court, *Curtis McBride v. State of Indiana*, 20C01-0603-FA-0023 to 38 years in the Department of Corrections following guilty verdicts from his January 2007 jury trial. On March 18, 2008, the Indiana Court of Appeals affirmed McBride's sentence and conviction in an unpublished decision, 883 N.E.2d

226. After being sentenced in Federal Court, McBride was sent to the Indiana Department of Corrections to commence his 38 year state sentence.

## DISCUSSION

Section 3582(c) of Title 18, United States Code, is the sole means by which a district court may modify a legally-imposed sentence, but only in certain enumerated circumstances: (1) upon a motion of the Director of the Bureau of Prisons if special circumstances exist; (2) if expressly permitted by statute or Rule 35 of the Rules of Criminal Procedure; and (3) if a sentencing range has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c). Here, McBride has not sought relief under §3582(c) nor would he qualify for that relief if he did, since none of the three scenarios pertain to his present request.

McBride does seek relief under §3553 but that statute does not provide a jurisdictional basis for the Court to modify the Defendant's sentence and the Court likewise does not have authority to re-sentence the Defendant and reconsider §3553(a) sentencing factors as he requests. Accordingly, the Motion is DENIED for lack of jurisdiction.

Entered: This 2nd day of May, 2019

s/ William C. Lee
United States District Court