UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| CURTIS MCBRIDE, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| v. | ) | Case No. 1:06-CR-21 |
| UNITED STATES OF AMERICA, | ) |  |
| Respondent. | ) |  |

## OPINION AND ORDER

This matter is before the Court for ruling on three pending motions. On January 15, 2021, Petitioner Curtis McBride, proceeding *pro se* at the time, filed a Motion for Reduced Sentence Under Section 404(b) of the First Step Act (ECF No. 64), which is DENIED AS MOOT. McBride also filed a Motion for Appointment of Counsel (ECF No. 65), which is likewise DENIED AS MOOT. On April 22, 2021, McBride, now represented by counsel, and the United States filed a Joint Motion for Imposition of a Reduced Sentence Pursuant to Section 404 of the First Step Act (ECF No. 79), which is GRANTED in part and DENIED in part.

## DISCUSSION

On June 18, 2007, this Court sentenced McBride to a term of imprisonment of 92 months, to be followed by four years of supervised release, after he pleaded guilty to possession with intent to distribute cocaine base or "crack." Sentencing Entry (ECF No. 24); Amended Judgment (ECF No. 26). On April 9, 2009, this Court granted McBride's motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and reduced his term of imprisonment from 92 months to 77 months. Order on Motion for Sentence Reduction (ECF No. 45). On December 19, 2011, the Court once again, pursuant to the 2010 Fair Sentencing Act, USSG § 1B1.10 and 18 U.S.C. §

3582(c)(2), reduced McBride's sentence from 77 months to 63 months. Order Granting Motion to Reduce Sentence (ECF No. 56).

In his most recent motion McBride asked the Court to further reduce his sentence pursuant to the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. *Pro Se* Motion for Reduction of Sentence (ECF No. 64). He also moved the Court to appoint counsel to represent him in pursuing another sentence reduction. Motion for Appointment of Counsel (ECF No. 65). On January 20, 2021, the Court entered an order referring this matter to the Northern Indiana Federal Community Defender's office "to consider representing the Defendant with respect to any pursuit of a sentence modification." Court Order (ECF No. 66). Five days later, attorney Michelle F. Kraus of the FCD's office filed an appearance on behalf of McBride. Attorney Appearance (ECF No. 70). Given that Ms. Kraus has appeared and is now representing McBride, his *pro se* motion for appointment of counsel is moot.

In his motion for sentence reduction McBride insists that he is "a strong candidate for sentencing reduction[]" under the First Step Act. *Pro Se* Motion for Reduced Sentence (ECF No. 64). The Court held a status conference in this case on February 19, 2021, and entered an order appointing Ms. Kraus as McBride's attorney and ordering the Indiana Department of Corrections to prepare a progress report regarding McBride's conduct while incarcerated. Court Order (ECF No. 75). The DOC filed its progress report on March 24, 2021 (ECF No. 78). On April 22, 2021, McBride and the government filed their Joint Motion to Reduce Sentence, indicating that they "agree that McBride is eligible for imposition of a reduced sentence under Section 404 of the First Step Act." Joint Motion (ECF No. 79), p. 1. The parties state as follows:

The Fair Sentencing Act's modified penalty structure would have applied to

2

> McBride's crack-cocaine convictions had that Act been in effect at that time. Accordingly, the Court is authorized to impose a reduced sentence under Section 404 of the First Step Act. Under retroactive amendments to the United States Sentencing Guidelines, his advisory guideline range, as recalculated, is 51 to 63 months. Further, McBride is no longer subject to a statutory mandatory minimum.

*Id*., p. 3. The parties "also agree that McBride is eligible for a reduction of his term of supervised release. McBride's original guideline for a term of supervised release was at least three years but not more than five years. . . . The district court imposed a term of supervised release of 4 years. Under the Fair Sentencing Act of 2010, the minimum term of supervision is 3 years. Accordingly, the parties further agree that the amended judgment should reduce the term of supervision to 3 years. The parties agree that all other conditions of supervision shall remain the same." *Id*., p. 4. Since the parties filed a Joint Motion for Reduction of Sentence, McBride's original *pro se* motion for reduction is denied as moot.

While the parties agree that a sentence reduction is warranted, they disagree on another issue. As the government explains: "McBride is requesting that the Court issue an amended judgment that reflects the reduced sentence pursuant to application of section 404 of the First Step Act and, further, order that the federal sentence be served concurrent to the state sentence imposed in cause number 20C01-0603- FA-23. **The government does not agree with McBride's request for the concurrent sentence.**" Joint Motion, p. 3 (boldface in original). The only disputed issue before the Court, then, is whether McBride's modified sentence should be served concurrently or consecutively to his state court sentence. As the parties state in their Joint Motion:

> [T]he parties respectfully move that this Court reduce McBride's sentence pursuant to Section 404 of the First Step Act and enter an amended judgment sentencing him to 51 months. McBride asks this Court to order that the sentence

be run concurrent to the state sentence in cause number 20C01-0603-FA-23. The government opposes the request for concurrent sentence.

*Id*.

The Court, having reviewed the parties briefs and the applicable law, finds that the Joint Motion for Reduction of Sentence is well taken and is granted. McBride's sentence is modified as follows: McBride's term of imprisonment is reduced from 63 months to 51 months, and his term of supervised release is reduced from four years to three years, pursuant to the First Step Act.[1]

The government filed a brief opposing McBride's request for a concurrent sentence. Government's Response to Defendant's Request for Concurrent Sentencing (ECF No. 81). The government argues that McBride's modified federal sentence should be served consecutively, not concurrently, to his state court sentence. The parties agree about the standard of review and this Court's discretion:

> Once a defendant is deemed eligible for relief, the First Step Act acts as its own procedural vehicle and authorizes the Court to consider a "range of factors to determine whether a sentence imposed is sufficient, but not greater than necessary, to fulfill the purposes of [18 U.S.C.] § 3553(a)." *United States v. Hudson*, 967 F.3d 605, 609 (7th Cir. 2020) (citing *United States v. Shaw*, 957 F.3d 734, 738 (7th Cir. 2020)); *United States v. Sutton*, 962 F.3d 979, 983-84 (7th Cir. 2020). These factors include the new statutory penalties, the current sentencing guidelines calculations, the defendant's post-sentencing conduct, and other information about the defendant's history and conduct. *Hudson*, 967 F.3d at 609 (citation omitted). According to the Seventh Circuit, the First Step Act does not prohibit the Court from analyzing a sentencing reduction using § 3553(a) factors. *Shaw*, 957 F.3d at 741-43 (noting also that "the First Step Act does not include the limitations particular to [18 U.S.C.] § 3582(c)(2)."). A plenary sentencing is not required, but the Court must at least weigh the § 3553(a) factors for eligible defendants. *United States v. Colon*, 2021 WL 1158155 at *1 (7th Cir.

---

[1] McBride "acknowledges that he is not entitled to a new sentencing hearing based upon the application of the First Step Act." Joint Motion, p. 4.

> 2021) (unpublished decision but citing *United States v. Corner*, 967 F.3d 662, 665 (7th Cir. 2020) and *Shaw*, 957 F.3d at 741).
>
> In section 5G1.3, the United States Sentencing Guidelines address the issue of whether to run a federal sentence concurrent with or consecutive to an undischarged term of imprisonment. U.S.S.G. §5G1.3 (2018). If the other offense is relevant conduct to the federal offense, then §5G1.3(b) and (c) generally provide for the offenses to run concurrently. U.S.S.G. §5G1.3 (2018). In any other case involving an undischarged term of imprisonment, "the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." U.S.S.G. §5G1.3(d) (2018). The exercise of this discretion is generally based on consideration of § 3553(a) factors. U.S.S.G. §5G1.3, comment. (n. 4) (2018).

Government's Response, pp. 1-2. McBride insists that a weighing of the § 3553 factors warrants a concurrent sentence while the government insists that "McBride's federal crime deserves a separate [consecutive] sentence." *Id.*, p. 1. The parties agree that "'[d]istrict courts have wide latitude to determine whether and how to exercise their discretion in [the First Step Act] context. In exercising their discretion, they may consider all the relevant factors, including the statutory sentencing factors, 18 U.S.C. §3553(a).'" *Id.*, p. 3 (quoting *United States v. Jones, et al.*, 962 F.3d 1290, 1304 (11th Cir. 2020)). *See also, United States v. Corner*, 967 F.3d 662, 666 (7th Cir. 2020) (" Congress afforded district courts wide discretion in the First Step Act context."); *United States v. Sewell*, No. 1:07-CR-53, 2020 WL 1130338, at *4 (N.D. Ind. Mar. 9, 2020) ("Whether to reduce the sentence is left to the Court's discretion."). McBride contends that "a fair balance of these factors supports the granting of this motion, including his request for an order that the state and federal sentence run concurrent to each other." *Id*.

In support of his request, McBride points out that while incarcerated he "completed several programs and received awards. He completed Commitment to Change; Power of

5

Consequences; Associates Degree in General Arts from Ball State University; Bridge Program through Grace College; Mother's over meth over addiction; he joined Jaycees and completed the 40 book self-help program; Inside/Outside Dads; and, Suicide Companion 4-hour training." Joint Motion, pp. 3-4.

The government concedes that McBride has completed numerous prison programs, but insists there are other factors that trump those accomplishments and that weigh in favor of a consecutive sentence:

> McBride cites his conduct in the Indiana Department of Correction as a reason now to impose concurrent sentencing; however, his conduct report showed some serious problems with his rehabilitation. . . . Although McBride has completed some programs, he has also accumulated 34 conduct violations, starting in 2008 and extending recently into August of 2020. . . . These violations involved disorderly conduct, unauthorized possession of property, possession or use of a controlled substance, interfering with staff, possession or use of a contraband cellular telephone, and fighting. . . . A total of 19 of these violations were classified as major violations. . . . During his incarceration, McBride had violations for possessing or using a controlled substance and intoxicating substance a total of eight times, which is notable since his instant federal offense is also a drug offense. . . . McBride was terminated from three separate job training programs, and in 2017, he refused to participate in a substance abuse program. . . . When evaluated based on criminal lifestyle and attitude, McBride received unsuccessful marks every year, from 2013 through October of 2020. . . .
>
> McBride's presentence report showed significant recidivism and repeated failures at rehabilitation. . . . McBride was in criminal history category VI, and in only about four years from 2002 to 2006, he accumulated ten convictions in addition to his federal case. McBride's convictions yielded a massive total of 19 criminal history points, which was 6 more than needed for category VI. Throughout his criminal history in paragraphs 35 through 58, he repeatedly violated supervision programs, often by committing new offenses while on supervision.

Government's Brief in Opposition, pp. 4-5 (internal citations to Indiana Dep't. of Corrections Progress Report [ECF No. 78-1] omitted). The government then notes that McBride has a long history of criminal activity dating to 2002. *Id*., pp. 5-6. The government insists that McBride's

6

criminal history and post-conviction conduct warrant the imposition of a sentence that is consecutive to his state court sentence, arguing as follows:

> McBride was sentenced by this Court for the crack cocaine in his coat pocket on February 13, 2006, and the Elkhart conduct was not relevant conduct for his federal offense. Although McBride has completed some programs, he has still committed a long series of 34 violations while incarcerated, including 19 major violations and 8 drug violations. Throughout his criminal history, he exhibited an alarming pattern of recidivism, and he committed multiple crimes while on supervision and violated probation and home detention repeatedly. Most troubling and despite several stints of incarceration, his criminal activity became increasingly more serious, culminating in his commission of the instant federal offense and the Elkhart offense while on parole for another felony. The Elkhart County judge sentenced McBride for committing a serious state offense, and McBride should not receive a two-for-one deal on his federal case. If the Court ordered the federal offense to run concurrently with the Elkhart case, the Court would effectively be sentencing McBride to zero months, which is not a reasonable punishment for his crack dealing. McBride at least should serve a sentence of 51 months as explained in the joint motion. Ultimately, McBride's drug dealing conduct in the instant federal offense deserves a separate sentence, and the Court should not order any of the federal sentence to run concurrent to the Elkhart case.

*Id*., pp. 6-8.

McBride did not file a reply brief to the government's response brief opposing McBride's request for a concurrent sentence. His arguments in support of a concurrent sentence are instead contained in the parties' Joint Motion. In short, McBride insists that his conduct since his sentencing, specifically his rehabilitative and educational accomplishments, warrants a concurrent sentence while the government insists that his conduct and criminal history warrant a consecutive sentence.

As the government points out, McBride's conduct while incarcerated has been troubling notwithstanding his achievements in completing certain prison rehabilitation programs. More significantly, though, McBride's criminal history and pattern of recidivism weaken his argument.

7

As the government contends, "despite several stints of incarceration, [McBride's] criminal activity became increasingly more serious, culminating in his commission of the instant federal offense and the Elkhart offense while on parole for another felony." Government's Brief in Opposition, p. 5. The Court agrees with the government's position that "[i]f the Court ordered the federal offense to run concurrently with the Elkhart case, the Court would effectively be sentencing McBride to zero months, which is not a reasonable punishment for his crack dealing."

Having considered the factors in 18 U.S.C. § 3553(a), the Court concludes that a reduced sentence of 51 months, followed by three years of supervised release, is sufficient but not greater than necessary to comply with the purposes set forth in § 3553(a)(2). The Court further concludes that while McBride is entitled to a reduced sentence, he is not entitled to serve his federal sentence concurrently with his state sentence.

## CONCLUSION

For the reasons explained above, McBride's *pro se* Motion for Reduced Sentence Under Section 404(b) of the First Step Act (ECF No. 64) is DENIED AS MOOT; McBride's Motion for Appointment of Counsel (ECF No. 65) is DENIED AS MOOT; and the parties' Joint Motion for Imposition of a Reduced Sentence Pursuant to Section 404 of the First Step Act (ECF No. 79), is GRANTED in part and DENIED in part. The Joint Motion is granted as to McBride's sentence, which is hereby reduced from 63 months to 51 months (and his term of supervised release is reduced from four years to three years). All other terms and conditions of supervised release remain in effect. The Joint Motion is denied as to McBride's request for a concurrent sentence and his federal sentence shall be served consecutively to his Elkhart County state sentence in case number 20C01-0603-FA-23. An amended Judgment and Commitment Order shall be entered

simultaneously to this order.

Date: June 21, 2021.

                                                          /s/   William C. Lee  
                                                          William C. Lee, Judge  
                                                             U.S. District Court  
                                               Northern District of Indiana